## Bryan *against* Moore.

JUDGE *Ellis* delivered the opinion of the Court.

The first assignment is that the judgment is for damages when none were laid in the declaration. It was a judgment by nil dicit. The defendant having appeared, is to be

2, The Act of *February*, 1818, does not change the rate of interest on contracts made before its enactment.

DECEMBER, 1824. considered that he waived the objection to the omission ; and by the Statute of jeofails the omission is supplied by reference to the writ in which damages are claimed.

Bryan
v.
Moore.

The second assignment—More interest was adjudged than was authorized by law. The bond bears date 1st *January*, 1817, and was payable 1st of *January*, 1820. Interest appears to have been adjudged at eight per cent. By the Statute of 12 Ann the rate of interest was reduced from six to five per cent. The English decisions shew that after this Statute was in force interest was allowed at six per cent. on contracts made before its enactment, though not satisfied until after it took effect. In a case on a mortgage, where the bill prayed relief as to the additional one per cent. the Lord Chancellor refused relief. The principal reason for which was, that the Statute could not have a retroactive effect. The Act of *February*, 1818, is to be understood as operating only on contracts made after its enactment. The law of the contract when it was made enters into and makes a part of the contract,. and the parties cannot complain if they are held to a compliance according to the terms on which they mutually agreed.

The judgment must be reversed, and rendered here for the debt and interest thereon at six per cent. per annum.

Powell on Mortgages, 960.   3 Atkins, 520.   2 Vernon, 42.   Haw. P. C. ch. 82. s. 10.